Dante Vincent CAMASTRO, Plaintiff,

v.

CITY OF WHEELING, a municipal corporation, Paul McIntire, Jack Lipphart, David Klug, Rusty Jebbia, Dar Robinson, James Curnes, Michael Nau, Cliff Sligar, Elmer Dietz, Jack Felton, A.E. Hensen, Candace Bippus, Gerry Irish, Wesley Neal, Cliff Rector, Mrs. Robert Yahn, Executrix of the Estate of Robert Yahn, deceased, Kevin Stryker, John Doe believed to be one Larry Hoskins, Defendants.

Civil Action No. 5:97CV8.

United States District Court,
N.D. West Virginia.

Sept. 28, 1998.

dy K. Hareza, Burns, White & Hickton, Wheeling, WV, for City of Wheeling, Paul McIntire, Jack Lipphart, David Klug, Rusty Jebbia, Dar Robinson, James Curnes, Michael Nau, Cliff Sligar, Elmer Dietz, Jack Felton, A.E. Hensen, Candace Bippus, Jack Felton, A.E. Hensen, Gerry Irish, Kevin Stryker.

Kimberly R. Wilson, Schrader, Byrd & Companion, PLLC, Wheeling, WV, Michael G. Gallaway, Kevin A. Stryker, Randy K. Hareza, Burns, White & Hickton, Wheeling, WV, William G. Petroplus, Wheeling, WV, for Mrs. Robert Yahn.

J.D. Miller, Wheeling, WV, for Wesley Neal, Cliff Rector.

Michael E. Hooper, Herndon, Morton, Herndon & Yaeger, Wheeling, WV, for Larry Hoskins.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECUSE, GRANTING DEFENDANTS' MOTION TO DISMISS AS CONVERTED INTO MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 AND DENYING ALL OTHER MOTIONS AS MOOT

STAMP, Chief Judge.

#### I. *Procedural History*

On January 10, 1997, plaintiff, Dante Vincent Camastro, filed the complaint in this action with this Court. On December 4, 1997, defendant, Mrs. Robert Yahn, Executrix of the Estate of Robert Yahn, deceased; the City of Wheeling; Paul McIntire; Jack Lipphart; David Klug; Rusty Jebbia; Dar Robinson; James Curnes; Michael Nau; Cliff Sligar; Elmer Dietz; Jack Felton; A.E. Hensen; Candace Bippus; Gerry Irish; and Kevin Stryker ("City Defendants") filed a motion to dismiss pursuant to Rule 12(c) and 12(b)(6). On January 22, 1998, defendants Wesley Neal and Cliff Rector filed a motion to dismiss pursuant to Rule 12(b) and 12(b)(6), which set forth substantially the same arguments that were made by the

Dante Vincent Camastro, Wheeling, WV, for Dante Vincent Camastro.

Kimberly R. Wilson, Schrader, Byrd & Companion, PLLC, Wheeling, WV, Michael G. Gallaway, Kevin A. Stryker, Ran-

City Defendants in their motion to dismiss. On February 5, 1998, plaintiff filed a response to the City Defendants' motion to dismiss and Rector and Neal's motion to dismiss. On March 13, 1998, defendant Larry Hoskins filed a motion to dismiss stating that he wished to join in the motion to dismiss filed by the City Defendants. On April 3, 1998, plaintiff filed a response to defendant Hoskins' motion to dismiss in which plaintiff incorporated by reference all of the arguments and exhibits contained in his response to the City Defendants' and Rector and Neal's motions to dismiss. For the reasons set forth below, this Court finds that the City Defendants' motion to dismiss should be converted into a motion for summary judgment pursuant to Rule 56 and should be granted. Because defendants Rector and Neal's motion to dismiss and defendant Hoskins' motion to dismiss make the same arguments, this Court finds that those motions should be granted as well.

## II. Conversion of Rule 12(b)(6) to Rule 56 Motion for Summary Judgment

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. It is not a procedure for resolving a contest about the facts or merits of the case. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* 2D § 1356 (1990). The court considering such a motion must limit its review to the four corners of the complaint to determine if the plaintiff has stated a claim under the applicable law. Thus, a Rule 12(b)(6) is distinct from a motion for summary judgment under Fed.R.Civ.P. 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. The court may consider matters outside the pleadings in reviewing a motion for summary judgment. At the same time, under Fed.R.Civ.P. 12(b), "[i]f on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

Conversion of a Rule 12(b)(6) motion to a summary judgment motion is discretionary. *Kulwicki v. Dawson,* 969 F.2d 1454, 1462 (3d Cir.1992). Further, "when a party is aware that material outside the pleadings is before the Court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir.1985). *See also Wheeler v. Hurdman,* 825 F.2d 257, 259–60 (10th Cir.1987).

The City Defendants attached a copy of an opinion and order rendered by Judge Ronald E. Wilson to their motion to dismiss. Plaintiff attached an affidavit by him, an article printed in *The Wheeling News Register,* the opinion of Judge Ronald E. Wilson, several letters authored by plaintiff, a memo written by defendant Paul McIntire, a letter written by Ruth Bennett, a Development Committee report, an order entered by the Board of Zoning Appeals of the City of Wheeling, and a copy of plaintiff's petition for writ of certiorari to the Circuit Court of Ohio County, West Virginia. Additionally, as noted above, the City Defendants and defendants Rector and Neal move not only pursuant to Rule 12(b)(6) but also pursuant to Rule 12(c), motion for judgment on the pleadings, which also states that when matters outside the pleadings are presented to and not excluded by the Court, the motion "shall" be treated as one for summary judgment pursuant to Rule 56. As a result, this Court finds that the parties in this matter have been given notice that the motions to dismiss may be treated as solely ones for summary judgment and that the parties have received a reasonable opportunity to conduct discovery and present pertinent materials. Accordingly, this Court finds it appropriate to and hereby

CONVERTS the defendants' motions to extent that they are made pursuant to Rule 12(b)(6) and 12(c) into motions for summary judgment pursuant to Rule 56. Defendants' motions will be decided under Rule 56 standards.

### III. *Rule 56 Standards*

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Id.* The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.,* Rule 56(e) itself provides that "a party opposing a properly supported motion for summary judgment 'may not rest upon mere allegations or denials of [the] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. *See also Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.)" (*citing Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950)).

In *Celotex,* the Court stated that "the plain language of Rule 86(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *Oksanen v. Page Memorial Hosp.,* 912 F.2d 73, 78 (4th Cir. 1990). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### IV. *Statement of Uncontroverted Material Facts*

This Court finds that the following material facts are relevant to the issues presented herein:

1. Plaintiff owns property at 2158 Lumber Avenue, Wheeling, West Virginia on which plaintiff wants to build a three-bay car wash.

2. On March 7, 1994, plaintiff was issued a zoning compliance certificate and an approved building permit for his car wash. Subsequently, the permit was revoked.

3. On July 15, 1994, plaintiff was again granted a building permit.

4. On August 17, 1994, the building permit was again rescinded because plaintiff was building on the property line and because the deed to the property could not be located.

5. City Defendant, defendant Klug, told plaintiff that because plaintiff intended to build on the property line, he needed a zoning variance before plaintiff could obtain a building permit.

6. On September 15, 1994, the Zoning Board of Appeals for the City of Wheeling ("Board") conducted a meeting at which the Board denied plaintiff's request for a zoning variance.

7. Plaintiff appealed the Board's denial to the Circuit Court of Ohio County. Judge Ronald E. Wilson heard the appeal and remanded the case to the Board because the Board failed to make the necessary factual findings on the record.

8. Thereafter, plaintiff continued two Zoning Board hearings in September and October 1996 because plaintiff was trying to lease adjacent property owned by the City of Wheeling so as to obtain access to his property. Plaintiff alleges such access was necessary for him to proceed with his request for a zoning variance.

9. In November 1996, plaintiff again requested a continuance of his hearing before the Board; however, his letter never reached the Board so the November meeting was held in plaintiff's absence. Plaintiff's request for a zoning variance was denied again at the November 1996 Zoning Board hearing.

10. The Zoning Board conducted another hearing on plaintiff's request on December 19, 1996 after learning that plaintiff had made a valid request to continue the November hearing but that the request had not reached the Board. Following that hearing, plaintiff's request for a zoning variance was denied.

11. Plaintiff alleges that the City Defendants' conduct deprived him of his property without due process of law in violation of 42 U.S.C. § 1983.

12. Plaintiff also alleges that the City Defendants and the private individuals named as defendants in this action conspired to deprive plaintiff of a zoning variance, and thus a building permit for a car wash, for the benefit of defendant Wesley Neal, who, plaintiff asserts, owns a car wash on Lumber Avenue and with whom, if plaintiff were permitted to build his car wash, plaintiff would be in competition. Plaintiff alleges that this action deprived him of his property without due process of law in violation of 42 U.S.C. § 1983.

13. Plaintiff also alleges state law claims for emotional harm, destruction of property, and trespassing.

14. In making its decision whether or not to grant plaintiff a zoning variance, the Board had to determine whether granting the variance would "be contrary to the public interest, where owing to special conditions the literal enforcement of the provisions [of the zoning ordinance at issue] would result in unnecessary hardship, and [whether] the spirit of the [zoning ordinance at issue] [would] be observed and substantial justice done." City of Wheeling Zoning Ordinance Article 1341.09(d). Additionally, the ordinance requires the Board to consider several separate factors in making this determination. *Id.* The Zoning Board's power is conferred by W.Va.Code § 8–24–55.

## V. *Discussion*

### A. *Motion to Recuse*

On June 12, 1998, plaintiff filed a motion to recuse the undersigned judge. Earlier in this litigation, on March 17, 1998, this Court entered an order that, in part, denied plaintiff's motion to amend the complaint to add Dick Robinson as a defendant. In support of his motion to recuse, plaintiff alleges that the undersigned judge may have been motivated to deny plaintiff's motion to amend the complaint by a former association with Mr. Robinson. Plaintiff bases this allegation upon his belief that the undersigned judge or the law firm now known as Schrader, Byrd & Companion, with whom the undersigned judge was formerly employed, may have represented Mr. Robinson as Mr. Robinson owns a substantial amount of property in the Wheeling, West Virginia area the law firm did property title work.

It appears that plaintiff is alleging that this judge's impartiality might reasonably be questioned; accordingly this Court will construe plaintiff's motion for recusal as being made pursuant to 28 U.S.C. § 455(a). In *In re Beard*, 811 F.2d 818, 827 (4th Cir.1987), the court delineat

ed the standard required for recusal pursuant to 28 U.S.C. § 455(a):

> The alleged bias must derive from an extrajudicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter. The nature of the judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of the case stem from his judicial conduct in presiding over earlier proceedings.

(citations omitted). Moreover, " '[m]ere allegations of intimacy of the judge with opponents' are insufficient to require recusal...." *Id.* at 828. Applying this reasoning, this Court finds that the plaintiff's allegations with respect to a suspected association with Dick Robinson and presumed resultant bias do not warrant this judge's recusal. Plaintiff merely has alleged that this judge may possibly have known Dick Robinson in the past and suspects that this judge may have a bias toward him. Plaintiff has not set forth any allegations that suggest that the undersigned judge has formed an opinion on the ultimate merits of this litigation. Instead, his statements are "general allegations of intimacy" at most and, as such, do not warrant recusal for the appearance of impropriety. Accordingly, plaintiff's motion to recuse the undersigned judge because a reasonable person might question my impartiality is DENIED.

## B. *Motion to Dismiss*

In support of their motion to dismiss, City Defendants argue that plaintiff's claim for a violation of 42 U.S.C. § 1983 must be dismissed because plaintiff has no property right in a zoning variance; thus, plaintiff cannot state a claim for relief on the allegation that he has been deprived of a property right without due process of law. This Court agrees. In *Biser v. Town of Bel Air*, 991 F.2d 100 (4th Cir.1993), the court explained that "[a] property interest requires more than a 'unilateral expectation' that a permit or license will be issued; instead, there must be a 'legitimate claim

of entitlement.' " *Id.* at 104 (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). The court further stated that "[i]n applying the standard of entitlement, we have held that if a local agency has '[a]ny discretion' in determining whether a permit should issue, then a claimant has no legitimate entitlement and, hence, no cognizable property interest." *Id.* (citing *Gardner v. Baltimore Mayor and City Council*, 969 F.2d 63, 68 (4th Cir.1992)).

Robert Biser owned a tract of property and, a zoning ordinance that restricted building in that area to residential use prevented him from using the property as he desired. Mr. Biser sought a special exception from the residential zoning restriction and certain set back variances that would enable him to construct two office buildings on the property. At a Zoning Board of Appeals meeting, Mr. Biser presented his plan and his desire to get approval for the office building. The zoning board approved the set back variances. Subsequently, Biser obtained a building permit, after he changed his applications by replacing "commercial·office buildings" with "dwellings." After construction had begun, the town's Superintendent of Public Works issued a stop work order stating that the buildings did not comply with requirements for single family dwellings. *Id.* at 103. On October 24, 1989, the Zoning Board met again and denied Biser's application for a special exception. Biser appealed to the circuit court which remanded the case to the board with instructions to grant the special exception. Biser then completed his office buildings and filed suit under 42 U.S.C. § 1983 claiming that he had been denied due process by the town's delay in granting his special exception. *Id.* The district court dismissed with prejudice his § 1983 count for failure to state a claim and declined to exercise pendent jurisdiction over the state claims which the court dismissed without prejudice. *Id.* The Fourth Circuit affirmed.

The court found that the Board of Appeals had "had significant discretion in deciding whether to grant Biser's application for a special exception." *Id.* at 104. Accordingly, the court also found that "Biser had only a unilateral expectation that he would receive the special exception. He possessed no legitimate claim of entitlement, and thus no property right cognizable under the due process clause." *Id.* Moreover, the court concluded that the "fact that Biser believes that the board acted arbitrarily on his application does nothing to change the fact that he was not deprived of any entitlement or right." *Id.*

 This Court finds that the facts presented by this civil action comport with the circumstances presented in *Biser.* The Board had significant discretion in deciding whether to grant plaintiff's zoning variance. As noted above, the Board had to determine whether granting the exception would uphold the spirit of the zoning ordinance that otherwise constricted building on plaintiff's property, whether the literal enforcement of the provisions of the restrictive ordinance would result in unnecessary hardship and whether substantial justice would be done if the zoning variance were granted. This Court finds that this standard is flexible. Additionally, because the ordinance requires the Board to consider several factors in making its final determination, this Court finds that the Board possessed significant discretion and, as a result, plaintiff had only "a unilateral expectation" that he would receive a zoning variance. Plaintiff possessed no legitimate claim of entitlement. Thus, having failed to establish any protectable property interest, plaintiff cannot claim that the denial of his request for a zoning variance deprived him of a property interest without due process of law. Accordingly, this Court finds that the City Defendants' motion to dismiss, as converted into a motion for summary judgment, as to plaintiff's § 1983 claim should be and hereby is GRANTED. For the same reasons, defendants Rector and Neal's motion to dismiss is GRANTED and defendant Hoskins' motion to dismiss is GRANTED. Furthermore, this Court DECLINES to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, defendants' motions to dismiss plaintiff's state law claims are GRANTED WITHOUT PREJUDICE to filing them, if appropriate, in the proper state court.

There are several other motions currently pending in this civil action. They include: plaintiff's motion for a conference call and extension of time, City Defendants' motion for summary judgment or in the alternative default judgment, defendants Rector and Neal's motion for summary judgment or in the alternative default judgment, defendant Hoskins' motion for summary judgment or in the alternative default judgment, defendants' joint motion in limine to preclude plaintiff's expert testimony, plaintiff's motion to compel and motion for sanctions, plaintiff's motion to consolidate and to continue trial and plaintiff's motion for production of documents. Because this Court has granted defendants' motions to dismiss as converted into motions pursuant to Rule 56, this Court finds that the above pending motions should be and hereby are DENIED as moot. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Plaintiff, who is proceeding *pro se,* is advised that he has the right to appeal the judgment of this Court to the Fourth Circuit Court of Appeals. Notice of such appeal must be filed with the Clerk of this Court within thirty days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the plaintiff and to counsel of record herein.